CORTINAS, J.
The State of Florida (“State”) appeals an order of the trial court that discharged a petition of delinquency filed against ap-pellee, E.G., a juvenile, because appellee’s ninety-day speedy trial period expired. We reverse.
At the hearing on the motion to dismiss, the trial found that, pursuant to Florida Rule of Juvenile Procedure 8.090(d), the time period for holding the adjudicatory hearing had expired. The State asked the trial court to allow it the time period provided in Florida Rule of Juvenile Procedure 8.090(m).[1] When the ninety-day *456 speedy trial period expired, the trial court should have ordered appellee to be brought to trial within ten days. Fla. R. Juv. P. 8.090(m).
In the trial court’s order granting the motion to dismiss, the judge clearly set forth the ground for dismissal. In the order, the trial court wrote:
This Cause having come before the Court on the Respondent’s Motion to Dismiss the Petition, hereby grants the Motion for the reasons set forth in the Agreed Statement of Facts of the proceeding that occurred in court on July 11, 2008, in front of the Honorable Mercedes Bach, who found that the speedy trial period had run (emphasis added).
Thus, the trial court unequivocally stated that it based its dismissal of charges on the Agreed Statement of Facts.[2] Moreover, although appellee complains that it did not sign the agreed statement of facts, appellee’s counsel never voiced a single objection concerning those facts. Here, the record is absolutely clear that trial court based its dismissal of charges on the statement of facts before us. Those facts, when reviewed under Fla. R. Juv. P. 8.090(m), require reversal as the trial court erred by dismissing the petition against appellee without first giving the State the ten-day recapture period to try the ease against appellee. Fla. R. Juv. P. 8.090(m); State v. M.M., 867 So.2d 439, 440 (Fla. 4th DCA 2004).
We reverse the order of dismissal and remand for further proceedings.
Reversed and remanded.

. Florida Rule of Juvenile Procedure 8.090(m) addresses die remedy for failure to try a juvenile within the specified time. Subsection (3) states that if the motion for discharge is legally sufficient the court "shall *456 order that the respondent be brought to trial within 10 days.” Fla. R. Juv. P. 8.090(m)(3).

. The record of the proceeding had been lost by the court reporter and this Court had earlier relinquished jurisdiction so that the record could be reconstructed.